139 A.3d 1189

IN THE MATTER OF MARC Z. PALFY, AN ATTORNEY
AT LAW (ATTORNEY NO. 010051998).

July 22, 2016.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 15–193, concluding that **MARC Z. PALFY** of **FREEHOLD,** who was admitted to the bar of this State in 1999, and who has been suspended from the practice of law since October 26, 2012, by Orders of the Court filed September 27, 2012, June 26, 2013, November 20, 2014, and March 26, 2015, should be suspended from practice for a period of three years for his unethical conduct in eight matters, including violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect) *RPC* 3.3(a)(1) (false statement of material fact or law to a tribunal), *RPC* 5.5 (failure to maintain a bona fide office), *RPC* 5.5(a) (practicing law while ineligible), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to comply with all outstanding Orders of the Court and that after reinstatement to practice, respondent should be required to practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **MARC Z. PALFY** is suspended from the practice of law for a period of three years, effective immediately; and it is further

ORDERED that respondent shall not be reinstated to the practice of law unless and until he complies with the conditions in

the Orders filed by the Court on September 27, 2012, June 26, 2013, November 20, 2014, and March 25, 2015; and it is further

ORDERED that following reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics, for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.